JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:   916-840-3150
Facsimile:    916-840-3159

Attorneys for WALMART INC.
(Erroneously served herein as Walmart)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE L. BOYD, an individual;<br><br>            Plaintiff,<br><br>        vs.<br><br>WALMART; A Corporation Doing Business in California; and DOES 1 through 50, inclusive;<br><br>            Defendants. | Case No. CaseNumber<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332, 1441(B), AND 1446**<br><br><br>Action Filed:    December 18, 2023<br>Trial Date:      None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

//

//

DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT that Defendant Walmart ("Walmart" or "Defendant") by and through the undersigned counsel, hereby removes the above-entitled action from the Siskiyou County Superior Court to the United States District Court for the Eastern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b), and 1446. Removal is proper on the grounds that: (1) there is complete diversity of citizenship between the parties, Plaintiff DIANE BOYD ("Plaintiff"), a citizen of the State of California, and all properly named Defendants, which are citizens of the State of Delaware, (2) the amount in controversy exceeds the jurisdictional minimum of more than $75,000 set forth in Section 1332(a); and (3) the foregoing facts were true when Plaintiff filed this action and remain true as of the date of the filing of this Notice of Removal.

## I.   THE STATE COURT ACTION

1.     On December 18, 2023, Plaintiff filed a Complaint for Damages entitled "Diane L. Boyd, *an individual, vs. Walmart, A Corporation Doing Business in California,*" (the "Complaint") in Siskiyou County Superior Court, Case Number 23CV13036. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     On or about December 21, 2023, Plaintiff served Walmart with a copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment, through their statutory agent, CT Corporation.  A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment are attached hereto as **Exhibit B**.

3.     On January 19, 2024, Defendants filed an Answer to Plaintiff's Complaint.  A true and correct copy of Defendants' Answer is attached hereto as **Exhibit C**.

## II.   REMOVAL IS TIMELY

4.     A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C.

DEFENDANT'S NOTICE OF REMOVAL

§ 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 354 (1999) (holding that Defendants' time to remove is triggered by formal service of the summons and complaint).

5.    Here, removal is timely because it took place on January 19, 2024, within thirty days of Defendants' December 21, 2023 service date.

**III.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 on diversity grounds. Therefore, Walmart may remove this action to this Court pursuant to 28 U.S.C. § 1441.

7.    Original jurisdiction exists because all properly named Defendants are not citizens of the same state as Plaintiff, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.    **Plaintiff is a Citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9.    As set forth in the Complaint, Plaintiff alleges is she a resident of Siskiyou County and/or the claims at issue arose within Siskiyou County. **Exhibit A**, Complaint, ¶¶ 1, 4.  As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

10.    **Defendant Walmart Is A Citizen of Delaware and/or Arkansas:** Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court has established the

proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

11.    Walmart is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of United States Code, Title 28, Section 1332(c)(1).  Specifically, Walmart was at the time this action was commenced, (and still is) incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.  *See Cesena v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant [Wal-Mart Associates, Inc.], which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), *report and recommendation adopted,* No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart Stores, Inc.] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.").

12.    Thus, Walmart is not and was not a citizen of the State of California but, rather, is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

13.    **"Doe" Defendants' Citizenship:** "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).  Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (in

determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition).  Therefore, Plaintiff's inclusion of "Does 1 through 50" and in the Complaint cannot defeat diversity jurisdiction.

## IV.    THE JURISDICTION MINIMUM IS EASILY MET

14.    This Court's jurisdictional minimum of an amount in controversy more than $75,000 is and was satisfied at the time this action was filed, as explained below.

15.    As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees.  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).  Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiffs' claims exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

16.    "[A]s specified in § 1446(a), a Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (emphasis added).  To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own

DEFENDANT'S NOTICE OF REMOVAL

numbers" for "purposes of analyzing the amount in controversy").

17.     **Compensatory Damages**: Plaintiff seeks lost income in the form of back pay and front pay. **Exhibit A**, Complaint, ¶¶ 29, 42, 54, and 67. Assuming Plaintiff has not secured new employment, she puts at issue more than 16 months of lost income to date since her termination on September 20, 2022, and assuming this case goes to trial in approximately thirty-one (31) months, her back pay claim will seek nearly four years of past wages and benefits. *See* U.S. District Court–Judicial Caseload Profile, California       Eastern,       June       30,       2020,       available       at https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (indicating that the median time to trial in the Eastern District is 31 months).  Plaintiff's complaint alleges that at the time of her termination, Plaintiff was working full time as a cashier.  **Exhibit A**, Complaint ¶ 13.  Walmart's records show that Plaintiff's last rate of pay was $16.40/hr.  Declaration of James T. Conley at ¶ 2 filed herewith.  By Plaintiff's representation in the Complaint that she was working full time, which is 40 hours per week, Plaintiff was earning approximately $34,000 per year (she was earning $16.40/hr and working at least 40 hours per week, thus earning approximately $2624/month).  Assuming that Plaintiff has not found new employment at the time of trial in this case, her claim for lost income alone will be approximately **$81,344** ($2624 for 31 months).

18.     **Emotional Distress**: Plaintiff also seeks compensation for non-economic severe emotional distress she contends persists to this day. **Exhibit A**, Complaint, ¶¶ 20, 30, 43, 55, 67 and Prayer for Relief, ¶2. Plaintiff's claims along with her prayer for general damages including lost income and special damages she seeks at least $150,000. [**Exhibit A**, Prayer for Relief, ¶ 1.

19.     **Punitive Damages**: Plaintiff seeks "punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case." **Exhibit A**, Complaint ¶ 31, 45, 56, 68 and Prayer for Relief. This amount alone well exceeds the $75,000 statutory minimum.  Jury verdicts in analogous cases may be used

DEFENDANT'S NOTICE OF REMOVAL

to establish probable amounts of punitive damages. *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Moreover, "[t]he fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.* The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages, including punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr*., JVR No. 802857, 2001 WL 1808527 (Jan. 1, 2001)) and $40,000,000 (*Lane v. Hughes Aircraft Co.*, JVR No. 801112, 1995 WL 17078750 (Jul. 1, 1995)). *Id.* As in *Simmons*, Plaintiff is alleging employment discrimination. Thus, the jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding here.  Nevertheless, as mentioned, "the Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on his Complaint." *Mejia v. Parker Hannifin Corporation*, 2018 WL 582325, at *5, (C.D. Cal., Jan. 26, 2018, No. CV178477MWFRAOX).

20. **Attorney's Fees**: Plaintiff also seeks attorneys' fees. **Exhibit A,** Complaint, ¶¶ 32, 44, 57 and Prayer for Relief.  Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy.  *See Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory).  The United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *See Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); *see also Garcia v. ACE Cash Express, Inc.,* No. SACV 14-0285-DOC, 2014 WL 2468344, at

DEFENDANT'S NOTICE OF REMOVAL

*3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment.  Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees.  Therefore, if Plaintiff is successful on her claims, she could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

21.    Accordingly, Plaintiff's claims for lost wages and attorneys' fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

## V.    VENUE

22.    Venue lies in this Court because Plaintiff's action is pending in this district and division.  *See* 28 U.S.C. § 1441(a).  Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Eastern District of California because Plaintiff filed this case in the Superior Court of California, County of Siskiyou.

## VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

23.    In accordance with United States Code, Title 28, Section 1446(a), Exhibits A-C constitute a copy of all processes, pleadings, and orders either served upon or by Walmart.  As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendants were served with Plaintiff's Complaint.  As required by United States Code, Title 28, Section 1446(d), Walmart will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Siskiyou.

## VII.   **CONCLUSION**

24.   Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Walmart respectfully requests that this Court exercise its removal jurisdiction over this action.

25.   In the event this Court has a question regarding the propriety of this Notice, Walmart requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  January 19, 2024              OGLETREE, DEAKINS, NASH,
                                      SMOAK & STEWART, P.C.


                                      By: */s/ James T. Conley*
                                           James T. Conley

                                      Attorneys for WALMART INC.
                                      (Erroneously served herein as Walmart)

DEFENDANT'S NOTICE OF REMOVAL

**PROOF OF SERVICE**
*Boyd v. Walmart*
Case No. CaseNumber

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of (choose one), in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 Capitol Mall, Suite 2800, Sacramento, CA 95814.

On January 19, 2024, I served the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332, 1441(B), AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the following service list:

Narak Mirzaie                          Attorneys for
M LAW ATTORNEYS, APC         Diane L. Boyd
680 East Colorado Blvd., Suite 180
Pasadena, CA 91101

☒      **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒      **(State)**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 19, 2024, at Sacramento, California.

*/s/ Sarah Martinez*
_____
Sarah Martinez

DEFENDANT'S NOTICE OF REMOVAL

60122949.v1-OGLETREE