# EXHIBIT A

Narak Mirzaie, Esq. (SBN #311508)
M LAW ATTORNEYS, APC
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101
Tel: (626)626-4422
Fax: (626)626-4420

Attorneys for Plaintiff,
DIANNE BOYD

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SISKIYOU

DEC 18 2023

BY: M. Chandler
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SISKIYOU

| | |
|---|---|
| DIANE L. BOYD, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WALMART; A Corporation Doing Business in California; and DOES 1 through 50, inclusive;<br><br>Defendants. | CASE NO. 23 CV 13036<br><br>Demand for Jury Trial<br><br>1. Disability Discrimination & Wrongful Termination in Violation of FEHA;<br><br>2. Failure to Accommodate Disability in Violation of FEHA;<br><br>3. Wrongful Termination in Violation of Public Policy;<br><br>4. Failure To Engage In An Interactive Process In Violation of FEHA. |

### PARTIES

1. DIANNE BOYD (hereinafter "Plaintiff") is an individual who resides in the City of Yreka, State of California.

2. WALMART (hereinafter "Defendant") is a corporation doing business in California. Defendant is and/or at all times mentioned in this Complaint is a business and/or facility licensed to do business and actually is doing business in the State of California.

## JURISDICTION AND VENUE

3.  Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

4.  Events that are the subject of this action occurred in or near city of Yreka, Couty of Siskiyou, State of California.

## DOE DEFENDANT

5.  Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

6.  Defendant Does 1 through 50, inclusive, were always relevant herein employees or agents of the other Defendants. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will pray leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

7.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to or ratified and authorized the acts alleged herein to each of the remaining defendants.

8.  Plaintiff is informed, believes, and thereon alleges that every Defendant designated herein, including all DOE Defendants, were negligently, wrongfully, carelessly, unlawfully, tortuously, or in some other actionable manner, responsible for the events and happenings herein referred to, and that their negligent and/or otherwise tortious and wrongful acts and/or omissions proximately caused, or were a substantial factor in causing, the injuries and damages to Plaintiff as are herein alleged, and that each Defendant and/or his, her, or its respective officers, directors, partners, managing directors, and/or shareholders ratified the wrongful acts and omissions of each other

Defendant.

9. Plaintiff is informed, believes, and thereon alleges that at all relevant times herein, every Defendant designated, including all DOE Defendants, was an agent, employee, joint venturer, partner, alter ego, conspirator, and/or legal representative of the remaining Defendants, and at all times mentioned herein, every Defendant designated herein, including all DOE Defendants, was acting within the time, authority, course, and scope of said agency, employment, joint venture, partnership, and/or conspiracy, and to further the objectives of the same, or as an alter ego and with the full knowledge, approval, ratification, permission, and consent of the other co-Defendants, and each of them, including the officers, directors, and managing agents of Defendants.

## EXHAUSTING ADMINISTRATIVE REMEDIES (FILING THE RIGHT TO SUE WITH THE DEPARTMENT OF FAIR HOUSING & EMPLOYMENT)

10. On or about December 2, 2023 Plaintiff filed his right to sue letter with the Department of Fair Housing & Employment. See Exhibit A.

11. Plaintiff has exhausted all administrative remedies.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

13. Defendant employed Plaintiff as a full-time cashier from October 8, 2004, until September 21, 2022. At the time of her termination, Plaintiff conducted her job in an exemplary manner.

14. On or about August 2022, Plaintiff took an approved leave of absence for about one month due to severe back pain. On or about September 8, 2022, Plaintiff returned from her leave of absence.

15. In or about September 2022, while at work, Plaintiff was sitting on a stool at a self-checkout station when Susan, Front End Coach, approached and forcefully pushed Plaintiff off the stool and instructed her to go home. Defendant's agent, Susan, was fully aware of Plaintiff's injuries as Plaintiff had just returned from medical leave. As a result of Susan's physical attack, Plaintiff's injuries worsened.

16. The physical attack caused Plaintiff to experience shortness of breath, severe back pain, and neck pain. On or about September 17, 2022, Plaintiff sought medical attention and was hospitalized for one day for her injuries. Plaintiff returned to work on or about September 20, 2022.

17. After nearly two decades of hard work and loyalty, Defendant terminated Plaintiff on or about September 20, 2022.

18. Defendant terminated Plaintiff without engaging in a good faith interactive process regarding her injuries. Defendant was well-informed of Plaintiff's condition, and despite having this knowledge, Defendant terminated Plaintiff's long-term employment with the company.

19. Plaintiff believes and, on that basis, alleges that her disability was the primary reason for her termination. Defendant also failed to accommodate Plaintiff's disability by terminating her position.

20. As a result of Defendant's decision to terminate Plaintiff, she has experienced financial loss and emotional and psychological distress.

## I. FIRST CAUSE OF ACTION

(Disability Discrimination and Wrongful Termination in Violation of FEHA Against All Defendants and Does 1 Through 50)

21. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

22. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Defendant(s). These statutes require defendants to refrain

from discriminating against any employee based on her disability (including actual, perceived, history of, etc.). Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH), fully complying with administrative requirements, and received a right-to-sue letter.

23. On or about August 2022, Plaintiff took an approved leave of absence for about one month due to severe back pain. On or about September 8, 2022, Plaintiff returned from her leave of absence.

24. In or about September 2022, while at work, Plaintiff was sitting on a stool at a self-checkout station when Susan, Front End Coach, approached and forcefully pushed Plaintiff off the stool and instructed her to go home. Defendant's agent, Susan, was fully aware of Plaintiff's injuries as Plaintiff had just returned from medical leave. As a result of Susan's physical attack, Plaintiff's injuries worsened.

25. The physical attack caused Plaintiff to experience shortness of breath, severe back pain, and neck pain. On or about September 17, 2022, Plaintiff sought medical attention and was hospitalized for one day for her injuries. Plaintiff returned to work on or about September 20, 2022.

26. After nearly two decades of hard work and loyalty, Defendant terminated Plaintiff on or about September 20, 2022.

27. Defendant terminated Plaintiff without engaging in a good faith interactive process regarding her injuries. Defendant was well-informed of Plaintiff's condition, and despite having this knowledge, Defendant terminated Plaintiff's long-term employment with the company.

28. Plaintiff believes and, on that basis, alleges that her disability was the primary reason for her termination. Defendant also failed to accommodate Plaintiff's disability by terminating her position.

29. As a proximate result of Defendant's willful, knowing, and intentional discrimination,

Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

30. As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

31. Defendant's discrimination was intentional, malicious, and oppressive, entitling Plaintiff to punitive damages.

32. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend this Complaint when the amounts are fully known.

## II. SECOND CAUSE OF ACTION

**(Failure to Accommodate Disability In Violation of FEHA Against All Defendants and Does 1 Through 50)**

33. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

34. At all times herein mentioned, FEHA, Government Code section §12940, *et seq.*, was in full force and effect and was binding on Defendant(s). This statute requires a defendant to provide reasonable accommodations to known disabled employees. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

35. Defendant failed to accommodate Plaintiff's injuries.

36. On or about August 2022, Plaintiff took an approved leave of absence for about one month due to severe back pain. On or about September 8, 2022, Plaintiff returned from her leave of absence.

37. In or about September 2022, while at work, Plaintiff was sitting on a stool at a self-checkout station when Susan, Front End Coach, approached and forcefully pushed Plaintiff off the stool and instructed her to go home. Defendant's agent, Susan, was fully aware of Plaintiff's injuries as Plaintiff had just returned from medical leave. As a result of Susan's physical attack, Plaintiff's injuries worsened.

38. The physical attack caused Plaintiff to experience shortness of breath, severe back pain, and neck pain. On or about September 17, 2022, Plaintiff sought medical attention and was hospitalized for one day for her injuries. Plaintiff returned to work on or about September 20, 2022.

39. After nearly two decades of hard work and loyalty, Defendant terminated Plaintiff on or about September 20, 2022.

40. Defendant terminated Plaintiff without engaging in a good faith interactive process regarding her injuries. Defendant was well-informed of Plaintiff's condition, and despite having this knowledge, Defendant terminated Plaintiff's long-term employment with the company.

41. Plaintiff believes and, on that basis, alleges that her disability was the primary reason for her termination. Defendant also failed to accommodate Plaintiff's disability by terminating her position.

42. As a proximate result of Defendant's willful, knowing, and intentional failure to accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

43. As a proximate result of Defendant's willful, knowing, and intentional failure to accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

44.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

45.     Defendant's misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling Plaintiff to punitive damages against Defendant.

## III. THIRD CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy Against All Defendants and Does 1 Through 50)**

46.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

47.     At all times herein mentioned, the California Constitution, Article I, section 8, was in full force and effect and was binding on Defendants. Among its other provisions, the Constitution bans discrimination on the basis of disability. Additionally, California Public Policy, as codified under California Fair Employment and Housing Act, Government Code Section 12900, et. seq. prohibit discrimination against employees based on gender, disability, and/or age.

48.     On or about August 2022, Plaintiff took an approved leave of absence for about one month due to severe back pain. On or about September 8, 2022, Plaintiff returned from her leave of absence.

49.     In or about September 2022, while at work, Plaintiff was sitting on a stool at a self-checkout station when Susan, Front End Coach, approached and forcefully pushed Plaintiff off the stool and instructed her to go home. Defendant's agent, Susan, was fully aware of Plaintiff's injuries as Plaintiff had just returned from medical leave. As a result of Susan's physical attack, Plaintiff's injuries worsened.

50.     The physical attack caused Plaintiff to experience shortness of breath, severe back pain, and neck pain. On or about September 17, 2022, Plaintiff sought medical attention and was hospitalized for one day for her injuries. Plaintiff returned to work on or about September 20, 2022.

51. After nearly two decades of hard work and loyalty, Defendant terminated Plaintiff on or about September 20, 2022.

52. Defendant terminated Plaintiff without engaging in a good faith interactive process regarding her injuries. Defendant was well-informed of Plaintiff's condition, and despite having this knowledge, Defendant terminated Plaintiff's long-term employment with the company.

53. Plaintiff believes and, on that basis, alleges that her disability was the primary reason for her termination. Defendant also failed to accommodate Plaintiff's disability by terminating her position.

54. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

55. 60. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

56. Defendant's misconduct was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

57. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

### IV. FOURTH CAUSE OF ACTION

(Failure to Enage In An Interractive Proces Against All Defendants and Does 1 Through 50)

58. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

59.  At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants. These statutes require defendants to refrain from discriminating against any employee on the basis of her disability (including actual, perceived, history of, etc.). Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

60.  On or about August 2022, Plaintiff took an approved leave of absence for about one month due to severe back pain. On or about September 8, 2022, Plaintiff returned from her leave of absence.

61.  In or about September 2022, while at work, Plaintiff was sitting on a stool at a self-checkout station when Susan, Front End Coach, approached and forcefully pushed Plaintiff off the stool and instructed her to go home. Defendant's agent, Susan, was fully aware of Plaintiff's injuries as Plaintiff had just returned from medical leave. As a result of Susan's physical attack, Plaintiff's injuries worsened.

62.  The physical attack caused Plaintiff to experience shortness of breath, severe back pain, and neck pain. On or about September 17, 2022, Plaintiff sought medical attention and was hospitalized for one day for her injuries. Plaintiff returned to work on or about September 20, 2022.

63.  After nearly two decades of hard work and loyalty, Defendant terminated Plaintiff on or about September 20, 2022.

64.  Defendant terminated Plaintiff without engaging in a good faith interactive process regarding her injuries. Defendant was well-informed of Plaintiff's condition, and despite having this knowledge, Defendant terminated Plaintiff's long-term employment with the company.

65.  Plaintiff believes and, on that basis, alleges that her disability was the primary reason for her termination. Defendant also failed to accommodate Plaintiff's disability by terminating her position.

66. Defendant refused to engage in a timely, good-faith interactive process with Plaintiff to determine any effective reasonable accommodation whatsoever.

67. As a result of Defendants' conduct, Plaintiff has suffered damages, including discrimination, economic losses and emotional distress, in an amount to be determined at trial.

68. Defendants' actions were willful, malicious, fraudulent, and oppressive and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

## V. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays judgment as follows:

1. For Plaintiff's economic damages;
2. For Plaintiff's non-economic damages;
3. For interest, thereon at the legal rate;
4. For general damages, according to proof on each cause of action for which such damages are available;
5. For special damages, according to proof on each cause of action for which such damages are available;
6. For prejudgment and post-judgment interest according to law;
7. For costs of suit incurred in this action, with interest;
8. For costs and reasonable attorney's fees as provided by law;
9. For punitive and exemplary damages; and
10. For such other and further relief that the Court shall deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

1
2
3                                              RESPECTFULLY SUBMITTED,
                                               M Law Attorneys, APC
4   Dated: December 11, 2023
5
6
                                               By: /s/ N. Mirzaie
7                                              NARAK MIRZAIE, ESQ.
                                               SELINEH SHAHBAZIAN, ESQ.
8                                              Attorneys for Plaintiff,
                                               DIANE BOYD
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 2, 2023

Narak Mirzaie
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101

RE:  **Notice to Complainant's Attorney**
     CRD Matter Number: 202312-22837303
     Right to Sue: Boyd / Walmart

Dear Narak Mirzaie:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency — GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 2, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202312-22837303
Right to Sue: Boyd / Walmart

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                             KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 2, 2023

Diane Boyd

,

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202312-22837303
      Right to Sue: Boyd / Walmart

Dear Diane Boyd:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 2, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Diane Boyd                                  CRD No. 202312-22837303

　　　　　　　　　　　　　　Complainant,

vs.

Walmart
,
　　　　　　　　　　　　　　Respondents

_____

1. Respondent **Walmart** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Diane Boyd**, resides in the City of , State of .

3. Complainant alleges that on or about **September 20, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, other, denied accommodation for a disability.

**Additional Complaint Details:** 13.  Defendant employed Plaintiff as a full-time cashier from October 8, 2004, until September 21, 2022. At the time of her termination, Plaintiff conducted her job in an exemplary manner.
14.    On or about August 2022, Plaintiff took an approved leave of absence for about one month due to severe back pain. On or about September 8, 2022, Plaintiff returned from her leave of absence.
15.    In or about September 2022, while at work, Plaintiff was sitting on a stool at a self-checkout station when Susan, Front End Coach, approached and forcefully pushed Plaintiff off the stool and instructed her to go home. Defendant's agent, Susan, was fully aware of

-1-
*Complaint – CRD No. 202312-22837303*

Date Filed: December 2, 2023

CRD-ENF 80 RS (Revised 12/22)

Plaintiff's injuries as Plaintiff had just returned from medical leave. As a result of Susan's physical attack, Plaintiff's injuries worsened.

16. The physical attack caused Plaintiff to experience shortness of breath, severe back pain, and neck pain. On or about September 17, 2022, Plaintiff sought medical attention and was hospitalized for one day for her injuries. Plaintiff returned to work on or about September 20, 2022.

17. After nearly two decades of hard work and loyalty, Defendant terminated Plaintiff on or about September 20, 2022.

18. Defendant terminated Plaintiff without engaging in a good faith interactive process regarding her injuries. Defendant was well-informed of Plaintiff's condition, and despite having this knowledge, Defendant terminated Plaintiff's long-term employment with the company.

19. Plaintiff believes and, on that basis, alleges that her disability was the primary reason for her termination. Defendant also failed to accommodate Plaintiff's disability by terminating her position.

20. As a result of Defendant's decision to terminate Plaintiff, she has experienced financial loss and emotional and psychological distress.

1  VERIFICATION

2  I, **Narak Mirzaie**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

3

4  On December 2, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5

6  **Pasadena, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-
*Complaint – CRD No. 202312-22837303*

27  Date Filed: December 2, 2023

28

CRD-ENF 80 RS (Revised 12/22)